# NO. 12-15-00071-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HAROLD LLOYD BASS, JR.,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Harold Lloyd Bass, Jr. appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Dennis Butler and Robert Nordick were driving to a concert when they observed a man and a woman engaged in a dispute. The two men stopped to help the woman. The man, Appellant, pointed a knife very close to Nordick's face. Butler and Nordick returned to their vehicle to wait for law enforcement. At some point, Appellant approached the vehicle, used the knife to smash Butler's driver's side window, and walked away. Shortly thereafter, Appellant pointed a firearm towards the vehicle and Butler drove the vehicle out of Appellant's sight.

When Deputy Justin Redding arrived at the scene, he found Appellant in possession of a pocket knife. Appellant also had cuts on his arm that could have been made by glass. Redding testified that the pocket knife was capable of causing death or serious bodily injury. Appellant pleaded "not guilty" to aggravated assault with a deadly weapon, but pleaded "true" to the

indictment's enhancement paragraph. The jury found Appellant guilty and assessed a punishment of imprisonment for twenty-five years and a $10,000 fine.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*. Appellant's counsel states that he has reviewed the record and concluded that it reflects no jurisdictional defects or reversible error. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's counsel presents a chronological procedural history of the case and a professional evaluation of the record demonstrating why there are no arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *Gainous*, 436 S.W.2d at 138; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

Appellant filed a pro se brief in which he complains that (1) voir dire was conducted outside his presence; (2) a knife is not a deadly weapon; (3) defense counsel failed to call two witnesses; (4) he received ineffective assistance of counsel; (5) the victim and his friends trespassed on Appellant's property; and (6) the trial court failed to instruct the jury on a lesser-included offense. We have considered counsel's brief and Appellant's pro se brief, and conducted our own independent review of the appellate record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, we conclude the appeal is wholly frivolous.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). Having concluded that this appeal is wholly frivolous, we *grant* counsel's motion for leave to withdraw and *affirm* the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a

petition for discretionary review *pro se*. Any petition for discretionary review must be filed with Texas Court of Criminal Appeals within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2; 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 15, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 15, 2016

NO. 12-15-00071-CR

**HAROLD LLOYD BASS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1453-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*